IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JORGE FONSECA-RIVERA<br>    **Plaintiff(s)**<br><br>          **v.**<br><br>COMMISSIONER OF SOCIAL SECURITY<br>    **Defendant(s)** | **CIVIL NO**. 03-1450(JAG) |

**ORDER**

On April 28, 2003, Plaintiff Jorge Fonseca-Rivera ("Fonseca") filed this action under 42 U.S.C. §405(g) seeking review of the Commissioner of Social Security's ("Commissioner") decision to deny her application for disability. (Docket No. 2). On November 04, 2003, after the respective memorandums were filed, the Court referred the case to Magistrate-Judge Gustavo Gelpi for a Report and Recommendation. (Docket No. 10). On December 15, 2003, Magistrate-Judge Gelpi issued a report, recommending the Court to remand the case to the Social Security Administration so that it could retain the services of a vocational expert to evaluate Fonseca's "non-exertional" disability-claim to substantiate the Administrative Law Judge's ruling that there are no jobs in the economy which the plaintiff can perform. (Docket No. 11 at 2)

After adopting the unopposed Report and Recommendation, the Court remanded the case for further proceedings before the Social Security Administration. (Docket No. 12). Pending before the Court

Civil No. 03-1564 (JAG)                                                2

is Fonseca's Motion for Attorney's Fees pursuant to Section 204(a) of the Equal Access to Justice Act, 28 U.S.C. 2412. (Docket No. 14). As of today, Fonseca's Motion for Attorney's Fees stands unopposed.

## I. Standard

Under the Equal Access to Justice Act (EAJA), a party prevailing against the United States in Court, including a successful Social Security benefits claimant, may be awarded attorney's fees payable by the United States if the Government's position in the litigation was not substantially justified. See Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002); See also 28 U.S.C. §2412(d)(1)(A). The EAJA provides that a party seeking an award of attorney's fees shall submit an itemized application to the Court within thirty (30) days of a final judgment. 28 U.S.C. §2412(d)(1)(B). EAJA fees are not determined by a percent of the amount recovered, but by the time expended and the attorney's hourly rate capped at $125 per hour.[1] See 28 U.S.C. §2412(d)(2)(A)(ii).

Accordingly, the court must determine whether the claimant was a "prevailing party" and whether the government has proven by a preponderance of the evidence that its position was "substantially justified." Omni Packaging Inc v. U.S.I.N.S., 940 F.Supp. 42, 45 (D.P.R. 1996). In assessing the latter, the Court must determine

---

[1] A higher fee may be awarded if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee" Id.

Civil No. 03-1564 (JAG)                                              3

whether the government had a reasonable basis in law and fact for the theories it advanced. Id.  This inquiry is independent of the outcome of the merits. Sierra Club v. Secretary of Army, 820 F.2d 513, 517 (1st Cir. 1987).

## II. Motion for Attorney's Fees

Attorney Juan Hernandez argues that he is entitled to attorney's fees because Plaintiff Fonseca is a "prevailing party" under the EAJA and the Government has not shown that the agency's position was "substantially justified" throughout the proceedings. Attorney Hernandez contends that given that the case was remanded for further proceedings before the Social Security Administration, Fonseca is a "prevailing party" under the EAJA.

With respect to the issue of remands and entitlement to attorney's fees, the Supreme Court established that there are only two kinds of remand permitted under 42 U.S.C. §405(g), those being 1) a remand in conjunction with a judgment affirming, modifying, or reversing an administrative decision (also known as a "sentence-four" remand), or 2) a remand in light of additional evidence but without making a substantive ruling to the correctness of decision, if claimant shows good cause for failing to present evidence earlier (also known as a "sentence-six" remand). See Melkonyan v. Sullivan, 501 U.S. 89, 94 (1991).  The Supreme Court has further held that a claimant who has obtained judgment in his or her favor under "sentence-four" becomes "prevailing party" at the time of entry of

Civil No. 03-1564 (JAG)                                                          4

judgment, for purposes of triggering the time period for filing of a claim for fees under Equal Access to Justice Act, even though the claimant does not become entitled to benefits until administrative review called for under the remand order has been concluded. See Shalala v. Schaefer, 509 U.S. 292, 300-301 (1993).

Given that this case was remanded for further proceedings under "sentence-four" of 42 U.S.C. §405(g), the Court finds that Fonseca is a "prevailing party" under the statute.  Moreover, the Court finds that the government's theory was not "substantially justified" for the case had to be remanded for further proceedings to substantiate the Commissioner's denial of Fonseca's Social Security benefits.

**CONCLUSION**

In light of the foregoing, the Court grants the Motion for Attorney's fees as unopposed. (Docket No. 14). Attorney Juan Hernandez shall be awarded **$3,575.60**

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 26th day of April, 2005.

                                        S/Jay A. Garcia-Gregory
                                        JAY A. GARCIA-GREGORY
                                        United States District Judge